UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEYLI LOHANY CARDOZA-GARCIA, et al., <br><br> Petitioners, <br><br> v. <br><br> JULIO HERNANDEZ, et al., <br><br> Respondents. | Case No. 2:26-cv-01231-TMC <br><br> ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION AND BACKGROUND

Petitioners are individuals who entered the United States without inspection years ago, were apprehended by Department of Homeland Security officials in February and March 2026, and are detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 at 2–5; Dkts. 4-1, 4-2, 4-3, 4-4, 4-5, 4-6, 4-7, 4-8, 4-9.

On April 10, 2026, Petitioners filed a petition for writ of habeas corpus, arguing that their mandatory detention under 8 U.S.C. § 1225(b)(2) violates the Immigration and Nationality Act ("INA") because they are entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 37–41. On April 15, Federal Respondents filed a return to the habeas petition. Dkt. 8. Petitioners filed a traverse one day late, on April 17, due to an admitted oversight by their

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 1

counsel. Dkt. 10 at 1 n.1. However, Respondents do not object to the Court considering the late-filed traverse. *Id.* Accordingly, the Court will consider it, and the habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus as to Petitioners Keyli Lohany Cardoza-Garcia, Adolfo Flores Gutierrez, John Gonsalez Landi, Emmanuel Rodriguez Velasquez, Vicente Romero Aguilar, Naun Adalberto Turcios-Cardoza, and Denis Alfredo Velazquez Orellana. The Court DENIES the petition as to Petitioners Guadalupe Molina-Gonzalez and Lisa Macias Gonzalez.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 2

*Id.*

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶¶ 37–41. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioners—apart from Petitioner Guadalupe Molina-Gonzalez—are members of the Bond Denial Class for purposes of this matter. Dkt. 8 at 1, 3–4. Federal Respondents argue that Petitioners Molina-Gonzales and Lisa Macias Gonzalez are not entitled to habeas relief, each for a different reason.

### A.    Petitioner Guadalupe Molina-Gonzalez

On April 15, 2026, an Immigration Judge ("IJ") ordered Petitioner Molina-Gonzalez removed to Mexico. Dkt. 9-1. Petitioner and the Department of Homeland Security waived appeal of the order. *Id*. at 5. Federal Respondents contend that Petitioner Molina-Gonzalez is now subject to an administratively final order of removal and that she is mandatorily detained under 8 U.S.C. § 1231(a)(2). Dkt. 8 at 3–4.

### B.    Petitioner Lisa Macias Gonzalez

On April 14, 2026, an IJ denied Petitioner Macias Gonzalez's request for bond due to lack of jurisdiction. Dkt. 9-2 at 2. In the alternative, the IJ denied bond because she found that Petitioner Macias Gonzalez is "a significant Danger to Community and a Flight Risk." *Id*. Federal Respondents argue that the hearing and subsequent ruling remove Petitioner Macias Gonzalez from eligibility for relief under *Rodriguez Vazquez*. Dkt. 8 at 4. Federal Respondents do not dispute that the remaining Petitioners have not yet had bond determination hearings. *Id*.

**C.    Analysis**

In their traverse, without conceding the legality of their detention, Petitioners Molina-Gonzalez and Macias Gonzalez acknowledge that they are not eligible for relief through this petition. Dkt. 10 at 2. The Court agrees and will deny the habeas petition as to them.

Regarding the remaining petitioners, the Court incorporates the reasoning of *Rodriguez Vazquez* and finds that they are subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioners have thus shown that their mandatory detention under § 1225(b) violates the INA, entitling them to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is DENIED with regard to Petitioners Guadalupe Molina-Gonzalez and Lisa Macias Gonzalez.

2.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED with regard to Petitioners Keyli Lohany Cardoza-Garcia, Adolfo Flores Gutierrez, John Gonsalez Landi, Emmanuel Rodriguez Velasquez, Vicente Romero Aguilar, Naun Adalberto Turcios-Cardoza, and Denis Alfredo Velazquez Orellana.

3.    Within fourteen days of receiving Petitioner Keyli Lohany Cardoza-Garcia's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

4.    Within fourteen days of receiving Petitioner Adolfo Flores Gutierrez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

5.    Within fourteen days of receiving Petitioner John Gonsalez Landi's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

6.    Within fourteen days of receiving Petitioner Emmanuel Rodriguez Velasquez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

7. Within fourteen days of receiving Petitioner Vicente Romero Aguilar's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

8. Within fourteen days of receiving Petitioner Naun Adalberto Turcios-Cardoza's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

9. Within fourteen days of receiving Petitioner Denis Alfredo Velazquez Orellana's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

10. Nothing in this order prevents an Immigration Judge from granting an individual Petitioner's request for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 5